CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and Howard McDougall, Trustee, Plaintiffs–Appellants,

v.

PARAMOUNT LIQUOR CO., Defendant–Appellee.

No. 99–1805.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 11, 2000

Decided Feb. 7, 2000

Jon K. Stromsta, Des Plaines, IL, for plaintiff-appellant.

Patrick J. Whalen, Spencer, Fane, Britt & Browne, Kansas City, Mo, Jeremy J. Glenn, D'Ancona & Pflaum, Chicago, IL, for defendant-appellee.

Before COFFEY, EASTERBROOK, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

A multi-employer pension fund and an employer disagree about the employer's obligation, if any, for withdrawal liability. While the dispute was being arbitrated, see 29 U.S.C. § 1401(a)(1), the employer paid some of the disputed sums. 29 U.S.C. § 1399(c)(2). Eventually the arbitrator determined that the employer (Paramount Liquor Co.) is not liable, and that the Fund must repay what it has received. Both sides sought judicial aid—Paramount by an action in the Eastern District of Missouri asking for enforcement of the award and the Fund by an action in the Northern District of Illinois asking for an order annulling the award. But the Northern District dismissed the Fund's action, ruling that it violated what the district judge called the "first filed doctrine." 34 F.Supp.2d 1092, 1095 (N.D.Ill.1999).

Both the Fund and the employer filed their actions on November 12, 1998. The district court in Illinois concluded that the employer's suit had been filed in the morning, while the Fund's had been filed in the afternoon, and applied a mechanical rule under which the second action automatically is dismissed. The Fund's appeal contends that its action should have been

transferred to the Eastern District of Missouri, to avoid any possibility that passage of time would deprive the Fund of its entitlement to judicial review. Persons aggrieved by an arbitrator's decision have only 30 days to seek judicial review, see 29 U.S.C. § 1401(b)(2), and the dismissal of the Illinois action enabled Paramount Liquor to dismiss the Missouri action after the 30 days expired and leave the Fund stranded, unable to obtain review in any forum. Although Paramount Liquor wanted the Missouri court to require the Fund to return payments already made, the stronger the Fund's position on the merits the more tempting it would have been for Paramount Liquor to dismiss its action, abandoning hope for a refund in order to avoid a risk that the court would set aside the arbitrator's decision and order it to resume paying. In the event, however, Paramount Liquor persisted, and the district court in Missouri enforced the arbitrator's decision. *Paramount Liquor Co. v. Central States Pension Fund*, No. 4:98CV1901–DJS (E.D.Mo. Sept. 20, 1999). Recognizing that the Illinois action no longer matters, the Fund has moved to dismiss its appeal under Fed. R. App. P. 42(b). But this is possible only if the parties agree on the allocation of costs, and they don't. Paramount Liquor contends that it is entitled to attorneys' fees under 29 U.S.C. § 1451(e); the Fund disagrees. We must resolve the costs question before the appeal can finally be put to rest.

■ *Continental Can Co. v. Chicago Truck Drivers Pension Fund*, 921 F.2d 126 (7th Cir.1990), holds that a party that is required to defend an arbitrator's award in court, and prevails, is presumptively entitled to attorneys' fees under § 1451(e). But of course Paramount Liquor did not defend its award and prevail in the Illinois litigation. Whatever award of attorneys' fees may be appropriate in the Missouri case must be determined by that court. What happened in Illinois was that Paramount Liquor asserted a right not to be

sued at all; it contended, and the district court held, that whoever wins a race to the courthouse secures its favored forum. To determine whether Paramount Liquor is entitled to reimbursement for the attorneys' fees it incurred, we must ask whether the Fund's position was substantially justified. See *Perlman v. Swiss Bank Corp.*, 195 F.3d 975, 980 (7th Cir.1999); *Construction Industry Retirement Fund of Rockford v. Kasper Trucking, Inc.*, 10 F.3d 465, 469–70 (7th Cir.1993). At its core, the Fund's position is that the Illinois action should have been kept alive to ensure that the Fund would not forfeit its opportunity to obtain substantive review of the arbitrator's award. And that position is not only substantially justified but also absolutely correct.

■ When comity among tribunals justifies giving priority to a particular suit, the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests. See, e.g., *Deakins v. Monaghan*, 484 U.S. 193, 202–04, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–20, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 838–39 (7th Cir.1999). There is no "first filed doctrine" requiring dismissal of all suits after the first; such a rule would be incompatible with *Deakins* and other decisions that require parallel or duplicative litigation to be stayed rather than dismissed. And even a stay should not be issued automatically when suits are filed in different districts on the same day. "No mechanical rule governs the handling of overlapping cases. Judges sometimes stay proceedings in the more recently filed case to allow the first to proceed; sometimes a stay permits the more comprehensive of the actions to go forward. But the judge hearing the second-filed case may conclude

that it is a superior vehicle and may press forward. When the cases proceed in parallel, the first to reach judgment controls the other, through claim preclusion (res judicata)." *Blair*, 181 F.3d at 838 (citation omitted).

Outright dismissal is most likely to be appropriate when, as in *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221 (7th Cir.1993), the same party has filed all of the suits. Our suits were filed by different litigants, each presumptively entitled to its choice of forum. Nothing justified dismissal rather than a stay of the Fund's suit; dismissal created an unwarranted risk of legal prejudice, should Paramount Liquor then dismiss its own suit. So the Fund's appeal is substantially justified. If Paramount Liquor had asked only for a stay in the district court, expenses would have been minimal, and there would not have been an appeal. Paramount Liquor has only itself to blame for the legal fees incurred in this case, and it may not shift them to the Fund.

The appeal is dismissed under Rule 42(b). The parties will bear their own costs.