FUENTES, Circuit Judge,
dissenting:
More than two hundred plantation workers brought this suit alleging their employers and certain chemical companies knowingly exposed them to toxic pesticides over a period of many years. As a result, they say, they have injured kidneys, are infertile, and are at heightened risk of cancer. Twenty years after first bringing suit, no court has heard the merits of their claims. Because the Louisiana court dismissed on procedural grounds, the Delaware District Court’s dismissal of the plaintiffs’ claims— with prejudice — effectively ends the plaintiffs’ lawsuit. The majority’s affirmance of that decision, i.e., the dismissal with prejudice of a duplicate claim filed in a second court, is not supported by our caselaw and is contrary to the decisions of the only other Courts of Appeals to have addressed the issue.[1]
I agree with the majority opinion that the first-filed rule applied to the plaintiffs’ successive filing in Delaware, and, as such, that the District Court should have given the Louisiana suit priority. But I do not agree that the first-filed rule is a basis to terminate a claim that otherwise may be prosecuted. That is not something we have ever held before; it is contrary to our positions on successive litigation and concurrent litigation in other contexts; and it is inappropriate in light of the Supreme Court’s command that we must adjudicate properly presented cases not heard elsewhere on the merits. As our sister circuits have done in like cases, I would vacate and remand for further proceedings.[2]
I
In Crosley v. Hazeltine we adopted the first-filed rule: a comity-based policy that, when two federal courts possess the same case at the same time, the action filed first has priority.[3] In E.E.O.C. v. University of *272 Pennsylvania, we elaborated on Crosley and discussed various scenarios where, for equitable reasons, that presumption should not apply.[4] These decisions have a clear, but limited, applicability to this appeal. They mean that the District Court correctly concluded that the Louisiana suit should have priority.
The difficult question here, however, is not whether the first-filed rule applies. Once we determine the rule applies, we must still decide whether it is permissible — solely on the basis of the policy — to dismiss the plaintiffs’ claims with prejudice rather than stay the action or dismiss it without prejudice.[5] As the majority opinion acknowledges, the claims were not heard on the merits in Louisiana[6] and, under ordinary preclusion principles, are otherwise free to proceed in Delaware.[7] Nor, likely, were the plaintiffs’ claims in Delaware time-barred under Delaware’s statute of limitations.[8]
Having concluded that the first-filed rule applied, the District Court believed the possible options available to it were “transfer to the Eastern District of Louisiana, stay, or dismissal.”[9] The majority opinion agrees, including as to dismissal with prejudice. On the majority opinion’s view, the first-filed rule “permits the district courts, in their discretion, to stay, transfer, or dismiss cases that are duplicates of those brought previously in other federal fora.”[10] The majority opinion cites to no decision of our court for this position.[11] Meanwhile, neither Crosley nor University *273 of Pennsylvania[12] contain anything supportive of dismissal with prejudice, let alone endorse district court ■ discretion to dispose of a second-filed case in any manner it chooses.[13] Indeed, the proper disposition of a second-filed case did not come up in Crosley or University of Pennsylvania.
Crosley involved an interlocutory appeal from a first-filed court’s denial of a motion to enjoin second-filed, duplicative proceedings in another district court. Under our newly-adopted first-filed rule, we “conclude[d] that the District Court ... having the power to issue the preliminary injunction prayed for, abused its discretion in refusing to exercise that power.”[14] We had no occasion t'o say anything about what may be done by sécond-filed courts, and we did not do so in dicta. Meanwhile, to the extent we can glean something here from Crosle/s instruction to first-filed courts, it is that when a first-filed court enjoins prosecution of later-filed proceedings, the effect is that of staying — not dismissing — those other cases.[15]
University of Pennsylvania did involve a second-filed court. But the second-filed court in that case determined that, for equitable reasons, the first-filed rule did not apply.[16] University of Pennsylvania is .a landmark first-filed rule case because of its comprehensive discussion of the considerations that bear upon whether or not the first-filed suit is entitled to priority.[17] But because we upheld the District Court’s determination that the "first-filed suit was not, in that case, entitled to priority, we had no occasion to say anything about what a second-filed court is to do when the rule does apply.[18]
In short, the propriety of dismissal with prejudice under the first-filed rule is a *274 question of first impression in our circuit.[19] We should address it with reference to the view of our sister circuits and leading treatises, considerations of comity and equity, and the rules and principles we apply in parallel contexts.
II
Unlike our Court, the Seventh, Ninth, and Fifth Circuits have addressed whether and when a second-filed court may dismiss a case on the basis of the first-filed rule. These cases show that dismissal with prejudice under the first-filed rule should be limited to cases where some other legal basis — res judicata, jurisdiction, mootness, or the like — shows the plaintiffs are clearly unable to prosecute their claims before the abstaining court. Applying this basic rule, these Courts of Appeals have each reversed a second-filed court’s dismissal where, as here, there was an apparent possibility that the claims at issue would not or could not be heard in the first-filed forum.
Beginning with the Seventh Circuit, two cases there are on point. First is Asset Allocation v. Western Employers.[20] Though the procedural posture differs from the instant case, the effect was the same: a first-filed court ordered the defendant to dismiss a reciprocal action it had filed involving the same issues in a second court.[21] While affirming the portion of the first court’s order enjoining the parties from proceeding in the second forum,[22] the Seventh Circuit reversed the dismissal order. The court explained that if the first suit was dismissed before litigation was “well-advanced,” there would be no reason to forbid pursuing the claim in the second-filed forum. Warning that statute of limitations problems could cause claims to needlessly go unheard, the court asked, “[W]hy take chances? It is simpler just to stay the second suit.”[23]
The Seventh Circuit again focused on the cost of dismissing unheard claims in Central States v. Paramount Liquor, which held that a second-filed court’s dismissal without prejudice was error because, compared to a stay, “dismissal created an unwarranted risk of legal *275 prejudice.”[24] The general rule, the court explained, is that “when comity among tribunals justifies giving priority to a particular suit, the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant’s interests.”[25]
In Alltrade, Inc. v. Uniweld Products, Inc., the Ninth Circuit followed the Seventh Circuit’s lead.[26] Alltrade determined that a second-filed court’s dismissal without prejudice was problematic even as it was proper for the second court to give priority to the first court. To wit, if the first-filed case terminated without an adjudication on the merits, the district court’s dismissal meant the plaintiff “would have to file a new suit in [the second court] and would risk encountering statute of limitations problems.”[27] A stay, on the other hand, would have preserved the district court’s flexibility to secure the rights of plaintiff and defendant alike. Specifically, “should the [first] court dismiss the appeal and transfer what remains of the first-filed action, the stay could be .lifted and the actions consolidated. On the other hand, should the [first] court decide that it has jurisdiction ..., the stay could be lifted and the second-filed action dismissed or transferred.”[28] Citing to Asset Allocation, the Ninth Circuit concluded that, “where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.” [29]
Finally, there is Burger v. American Maritime Officers Union, where the Fifth Circuit reversed a second-filed court’s dismissal with prejudice.[30] The decision to reverse drew upon AUtrade, Asset Allocation, and Fifth Circuit caselaw holding that, when a plaintiff files duplicative suits in the same federal district, dismissal with prejudice is appropriate only when res ju- *276 dicata or collateral estoppel give preclusive effect to the first proceeding.[31] In light of these authorities, the court explained that “[w]hen the jurisdiction of the first-filed court to hear the dispute is uncertain, it is an abuse of discretion to dismiss the claims in the second-filed court with prejudice, as it creates the risk that the merits of the claims could never be addressed.”[32] Instead, the Fifth Circuit held, the second-filed court should have stayed the proceedings or dismissed without prejudice.[33]
The leading treatises are in concert with our sister courts. Speaking of the first-filed rule as a doctrine of abstention— meaning a judge-made canon by which a court declines to exercise its jurisdiction— Wright and Miller say that “it is well settled that if the same issues are presented in an action pending in another federal court, one of these courts may stay the action before it or even in some circumstances enjoin going forward in the other federal court.”[34] They say nothing of dismissal. Moore’s Federal Practice, meanwhile, takes dismissal on directly, writing that “if the first-filed action is vulnerable to dismissal on jurisdictional or statute of limitations grounds, the court in the second-filed action should stay it or transfer it, rather than outright dismiss it.”[35] This circumstance is precisely the one presented in this case.
Then there are our district courts, the vast majority of which have applied the first-filed rule by staying the second case, transferring it, or dismissing it without prejudice.[36] The district court here is the only one I am aware of that dismissed a second case with prejudice despite the open likelihood that the earlier case would not adjudicate the matter on the merits.[37]
*277 Our sister Courts of Appeals, the leading treatises, and most of our district courts agree: the applicability of the first-filed rule alone is insufficient to justify dismissal with prejudice, and dismissal with prejudice is inappropriate under the rule where, compared to a stay, it could cause properly presented claims to go unheard.
Ill
The majority opinion offers a few reasons why we should depart from the consensus viewpoint and embrace dismissal with prejudice as squarely within the authority of the second-filed court. For one thing, the majority opinion notes, dismissal with prejudice satisfies the primary goals of the first-filed rule in that it avoids dupli-cative proceedings, which serves comity and efficiency and prevents conflicting judgments.[38] For another, the majority opinion sees dismissal with prejudice as salutary when, as here, the same party filed both suits out of concern about a procedural dismissal in the first forum.[39] To the extent the plaintiffs “wanted to keep the same litigation going in two different federal fora simultaneously to see in which one they would fare better,” the majority opinion sees dismissal with prejudice as “an appropriate response to the Appellants’ own litigation strategy.”[40] From this perspective, our sister Courts of Appeals’ reversals might be distinguished, as in those cases the successive suits were filed by different parties.
I find these arguments unpersuasive. A second-filed court avoids duplicative litigation, conflicting judgments, and cross-district frictions whether it stays the matter or dismisses it. A stay also prevents gamesmanship. Regardless of who files each suit, a stay confines litigants to the first-filed forum until the conclusion of its proceedings. Res judicata and collateral estoppel would then prevent the relitigation of any claims that were, or could have been, previously heard on the merits. The additional benefit of a stay, as our sister Courts of Appeals have emphasized, is that it preserves the ability of litigants to advance claims that the first-filed forum does not allow to be adjudicated on the merits. This danger of litigation prejudice is the same whether the two suits were brought by the same parties or opposing ones. The reasoning of our sister Courts of Appeals is as operative here as in the cases before them.
I disagree, moreover, with the assertion that the plaintiffs sought to maintain two actions to see in which one they would fare better. The plaintiffs explicitly told the District Court here, and the one in Louisiana, that they filed their claim in Delaware as a precaution in case the Louisiana court determined that it could not hear their claims on the merits. After all, if the Louisiana court dismissed their claim without any assessment of the merits, the District Court here was their court of only resort, and filing sooner rather than later helped ensure timeliness in Delaware. This is not a litigation strategy designed to get the plaintiffs multiple bites at the apple or a more favorable judge or decisional law than what was offered in Louisiana. Rather, this is a litigation strategy de *278 signed to get the plaintiffs a seat at the table to present their claims to a single U.S. District Court.
As to the purported inequities of successive litigation generally, forum shopping is indeed a recognized basis for overriding the first-filed rule’s presumption that the first court to receive a case should have priority.[41] It does not follow, however, that concurrent filings — whether by the same or different parties — is a basis for dismissing a case with prejudice such that the dispute is never heard at all. Indeed, the majority opinion’s forum shopping concerns are nowhere to be seen in our cases addressing other successive and/or concurrent litigation situations. Under our rule of res judicata, for example, litigants are entitled to bring — and our courts required to entertain — new filings of previously presented claims unless those claims were previously adjudicated on the merits.[42] Far from the majority opinion’s view that a successive filing of an unheard claim should be barred as inequitable, res judica-ta reflects the principle that, when the first court that a plaintiff petitions is unable to entertain her claims, she may go to another and another until she finds one that can. Under ordinary res judicata principles, the plaintiffs here would not be precluded from proceeding in Delaware.[43]
Our cases in other successive and/or concurrent litigation contexts track the same contours as the res judicata rule. Where a plaintiff has filed successive du-plicative suits within the same district court, we have expressly recognized only stay, consolidation, and dismissal without prejudice as the options available to the court.[44] Compared to that context, the case against dismissal with prejudice is stronger under the first-filed rule, as parallel cases in different states are more likely to involve different personal jurisdictions and/or statutes of limitations. Meanwhile, where abstention principles counsel deference to a parallel state proceeding,[45] we have repeatedly emphasized the importance of staying — and not dismissing — -the federal case where any of the requested relief may be unavailable from the state *279 forum.[46] As we explained in Feige v. Sechrest, a stay “retains the sensitivity for concerns of federalism and comity implicated by ... abstention, while preserving appellants’ right to litigate their claims in the federal forum should the [state] courts, for jurisdictional or other reasons,- fail to adjudicate them.”[47]
Our consistent position — that an earlier-filed action precludes a later one only if the earlier one has been adjudicated on the merits — reflects the fairness principle that litigants are entitled to a single day in court.[48] But though well-grounded in equity, the position is ultimately one of Article III obligation.
As recently noted by Judge Krause, “the mandate that federal courts hear cases within their statutory jurisdiction is a bedrock principle of our judiciary.”[49] For, “[a]s the Supreme Court has instructed on numerous occasions, ‘federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.’ ”[50] “Proceeding] from the premise that ‘[i]n rare circumstances, federal courts can relinquish their jurisdiction in favor of another forum,’”[51] the unanimous Supreme Court in Quackenbush v. Allstate explained how this Article III duty constrains the abstention doctrines that are the state-federal analogue to the first-filed rule.[52] To wit, when abstention principles *280 militate against a federal court’s exercise of jurisdiction, the abstaining court’s disposition of the case depends both on the nature of the claim and, if it is a damages claim, the ability of the other forum to hear it.[53] Where there is no other available forum to entertain a damages claim before an abstaining court, the Supreme Court held that an abstaining court may stay a damages action to avoid concurrent litigation, but it may not dismiss it.[54] The basis of this is that, “[ujnlike the outright dismissal or remand of a federal suit, ... an order merely staying the action ‘does not constitute abnegation of judicial duty ... [a]s there is only postponement of decision for its best fruition.’ ”[55]
The teaching of Quackenbush is that “where there is no other forum and no later exercise of jurisdiction ... relinquishing jurisdiction is not abstention; it’s abdication.”[56] A judge’s primary function is to decide cases within its jurisdiction. Judge-made canons of comity and equity cannot supplant that duty, and for this reason, too, a district court may not properly terminate a claim under the first-filed rule that has not, and will not, be heard by any other court. In short, “the Judiciary has a responsibility to decide cases properly before it, even those it ‘would gladly avoid.’ ”[57]
In sum, the vast corpus of successive litigation and concurrent litigation authority holds that a second-filed suit may not be dismissed with prejudice solely on the basis of equity or judicial management. This consistent rejection of dismissal with prejudice except as according to some other recognized basis — res judicata, jurisdiction, mootness, or the like — is well-grounded in both fundamental fairness and the constitutional duties of federal courts. Those considerations apply as fully here as ever, and they cannot be overcome by concern for purported forum shopping.
IV
For the above reasons, I would say that a second-filed action “should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant’s interests.”[58] The Dis *281 trict Court’s dismissals with prejudice were at fundamental odds with this precept, needlessly foreclosing the plaintiffs’ final chance at a lone hearing on the merits. The premature judgments caused two hundred people to be without redress for life-altering injuries, and I believe they should be vacated and the case remanded for further proceedings.
I respectfully dissent.

.As discussed below, three other Courts of Appeals have addressed the appropriate disposition of second-filed suits in the context of the first-filed rule. None has approved dismissal with prejudice of the second-filed action on the basis of the rule. See Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co., 203 F.3d 442, 444 (7th Cir.2000) (holding that second-filed court's dismissal without prejudice was error because "dismissal created an unwarranted risk of legal prejudice”); Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co., 892 F.2d 566, 571 (7th Cir.1989) ("[W]hy take chances? It is simpler just to stay the second suit.”); Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 629 (9th Cir.1991) ("[Wjhere the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.”); Burger v. Am. Mar. Officers Union, 170 F.3d 184, at *2 (5th Cir.1999) ("When the jurisdiction of the first-filed court to hear the dispute is uncertain, it is an abuse of discretion to dismiss the claims in the second-filed court with prejudice, as it creates the risk that the merits of the claims could never be addressed.”).

. I agree with the majority opinion’s determination that the District Court lacked personal jurisdiction over defendant Chiquita Brands. Hence, I dissent in part.

. See Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929-30 (3d Cir.1941) (adopting *272 "Chief Justice Marshall's] salutary rule that, 'In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it.’ ”) (quoting Smith v. McIver, 22 U.S. (9 Wheat.) 532, 535, 6 L.Ed. 152 (1824)); see also First City Nat'l Bank & Trust v. Simmons, 878 F.2d 76, 79 (2d Cir.1989) ("[WJhere there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.”); Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir.1985) ("[C]ourts follow a 'first to file’ rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.”).

. E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971-72, 976-77 (3d Cir.1988) (discussing equitable limitations to the "policy of comity”).

. "The primary meaning of 'dismissal without prejudice' ... is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.” Sentek Int’l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (citing Black’s Law Dictionary (7th ed.1999)).

. Maj. Op. at 264 ("To our knowledge, no court — federal or state — has.ever reviewed the actual merits of Appellants’ claims”).

. "Res judicata bars a claim litigated between the same parties ... in earlier litigation where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation.” Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir.2014). "The traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods.” Semtek, 531 U.S. at 504, 121 S.Ct. 1021.

. Dow Chem. Corp. v. Blanco, 67 A.3d 392, 399 (Del.2013) (in case arising from the same facts as the instant one, concluding that Delaware recognizes cross-jurisdictional tolling).

. Chavez v. Dole Food Co. Inc., No. 12-697-RGA, 2012 WL 3600307, at *2 (D.Del. Aug. 21, 2012). The District Court did not cite to any decision of our court for this proposition.

. Maj. Op. at 263.

. Rather, the majority opinion cites to a Ninth Circuit case, Cedars-Sinai Med. Ctr., et al. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). Neither Shalala nor any other Ninth Circuit case has approved of dismissal with prejudice under the first-filed rule, nor even dismissal without prejudice where the first-filed suit may not be adjudicated on the merits. Much to the contrary, the position of the Ninth Circuit is that "where the first-filed *273 action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.” See Alltrade, 946 F.2d at 629.

. Nor our other first-filed rule cases: Triangle Conduit & Cable Co. v. Nat’l Elec. Products Corp., 125 F.2d 1008 (3d Cir.1942) (en banc) and Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 189 F.2d 31 (3d Cir.1951) (en banc) aff'd, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

. The majority opinion separately suggests we have limited review over a decision to dismiss with prejudice because it is part of the district court's docket management authority. Maj. Op. at 267-68. I do not see how a dismissal with prejudice, which enters final judgment on a complaint, falls within the rubric of docket management. Indeed, In re Fine Paper Antitrust Litigation, which the majority opinion cites, addressed a challenge to' the district court’s calendaring of proceedings. See 685, F.2d 810, 818 (3d Cir.1982) ("We find no abuse of discretion by the district judge in his scheduling of discovery or of the trial.”). Curtis v. Citibank, N.A. is not contrary to the dissent, either. In Curtis, the Second Circuit reversed the District Court's dismissal of a purportedly duplicate case on the basis that the cases were not actually duplicates. See 226 F.3d 133, 136 (2d Cir.2000).

. Crosley, 122 F.2d at 930.

. Cf. Asset Allocation, 892 F.2d at 571 (affirming portion of first-filed court's order enjoining party from proceeding in second-filed forum, but reversing portion of order requiring party to dismiss the parallel action).

. Univ. of Pa., 850 F.2d at 972.

. See id. at 971-72, 976-77.

. If anything, University of Pennsylvania is supportive of the dissent. In a footnote, we stated we were "puzzled” that the EEOC did not move to transfer or stay the University’s abusive and anticipatory first-filed suit in the District for the District of Columbia. See id. at 976 n. 4. In doing so, we cited to a statement of the Fifth Circuit that "In addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it.” Id. (citing W. Gulf Mar. Assn v. ILA Deep Sea Local 24, 751 F.2d 721, 729 n. 1 (5th Cir.1985)). As to dismissal, that Fifth Circuit decision stated that "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court.” W. Gulf Mar. *274 Ass’n, 751 F.2d at 729. I agree wholeheartedly. As discussed below, presented with a situation where a second court dismissed with prejudice despite a likelihood that the first court would not resolve the issues presented, the Fifth Circuit vacated the dismissal. See Burger v. Am. Mar. Officers Union, 170 F.3d 184 (5th Cir.1999).

.That we have never previously reviewed a district court's dismissal with prejudice under the first-filed rule underscores the unusualness of the dismissal with prejudice in this case. Of course, we would not ordinarily have jurisdiction to review a stay, transfer, or non-final dismissal. See Michelson v. Citicorp Nat. Servs., Inc., 138 F.3d 508, 516 (3d Cir.1998) (emphasizing "the limited extent to which stays are appealable”); Semerenko v. Cendant Corp., 223 F.3d 165, 172 (3d Cir.2000) ("[A] dismissal without prejudice is not a final and appealable order under § 1291, unless the plaintiff can no longer amend the complaint or unless the plaintiff declares an intention to stand on the complaint as dismissed.”).

. Asset Allocation & Mgmt. Co. v. W. Emp’rs Ins. Co., 892 F.2d 566 (7th Cir.1989).

. Id. at 571.

. Cf. Crosley, 122 F.2d at 929 (holding district court abused its discretion by failing to enjoin second-filed duplicative proceedings).

. Asset Allocation, 892 F.2d at 571. The court noted, "for completeness, ... that if the second suit is harassing — vexatious—an abuse of process, the proper disposition is neither a stay nor a dismissal without prejudice; it is dismissal with prejudice, so that the plaintiff cannot refile suit.” Id. I do not disagree that there is an "equitable doctrine that bars vexatious litigation.” See id. at 572. This is "independent” from the first-filed rule, however, which applies to any “second, nonharassing lawsuit (albeit one identical to the first).” Id. Here, there is no dispute that the plaintiffs *275 filed suit in Delaware to obtain relief from the defendants rather than to harass them.

. Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co., 203 F.3d 442, 445 (7th Cir.2000) ("Central States "). The Seventh Circuit in Central States observed that dismissal is more likely to be appropriate when the same party brings duplicate suits than when opposing parties bring dueling suits. As an example, it cited to Serlin v. Arthur Andersen & Co., 3 F.3d 221 (1993), which upheld the dismissal with prejudice of a second-filed action within the same district court that was procedurally dismissed for failure to timely serve process. The Serlin court affirmed given the first-case ended because of "the plaintiff’s own failure to follow the rules” and unwillingness to dismiss the earlier case voluntarily — without prejudice — and then refile it with proper service. See id. at 224.
For our purposes, Serlin was not a first-filed rule case, and the particular context of a failure to follow procedural rules in the same district court presents different considerations than when a different federal court exercising diversity jurisdiction determines a complaint is time-barred. Cf. Walton v. Eaton Corp., 563 F.2d 66, 70-71 (3d Cir.1977) (en banc) (discussed infra at n. 47).

. Central States, 203 F.3d at 444. Judge Easterbrook presented this as a rule of general applicability for all concurrent litigation contexts. Reformulating the principle in a case where the same plaintiff filed identical suits in the same district, the court in Gleash v. Yuswak wrote that "even when prudence calls for putting a redundant suit on hold, it must be stayed rather than dismissed unless there is no possibility of prejudice to the plaintiff.” See Gleash v. Yuswak, 308. F.3d 758, 760 (7th Cir.2002).

. Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622 (9th Cir.1991).

. Id. at 629.

. Id. (citation and internal quotation marks omitted).

. Id.

. Burger v. Am. Mar. Officers Union, 170 F.3d 184 (5th Cir.1999).

. Id. (citing Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1160-61 (5th Cir.1992)); see also Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604 (5th Cir.1999) (stating that a second-filed court applying the first-filed rule "is not binding the litigants before it to a ruling of the first [court]”).

. Burger, 170 F.3d 184 at *2.

. Id. at *3.

. 17A Charles Alan Wright et ah, Fed. Prac. & Proc. Juris. § 4247 (3d ed.) ("Avoiding Duplicative Litigation”).

. 17 Moore's Federal Practice ¶ 111.13 [l][o][ii][A] (3d ed.).

. See Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F.Supp.2d 513, 523 (E.D.Pa.2012) ("When the first-filed rule applies, a court has the option of dismissing the second-filed case without prejudice, staying it for the duration of the first-filed case, or transferring it to the forum where the first-filed case was brought.”); e.g. CTI Sys. SA v. Herr Indus., Inc., 2015 WL 1073667 (E.D.Pa. 2015) (dismissal without prejudice, with express leave to re-file if first court was unable to grant a remedy); Englebert v. McGraw-Hill Global Educ. Holdings LLC, 2014 WL 3109884 (E.D.Pa.2014) (stay); Plange v. Christ Hosp., 2014 WL 1790169, at *5 (D.N.J. 2014) (stay); Miller v. Careminders Home Care, Inc., 2014 WL 1779362, at *4 (D.N.J. 2014) (transfer); DePuy Synthes Sales, Inc. v. Gill, 2013 WL 5816328, at *11 (D.N.J.2013) (transfer); Synthes, Inc. v. Knapp, 978 F.Supp.2d 450, 463 (E.D.Pa.2013) (transfer); Inter City Tire & Auto Ctr., Inc. v. Michelin N. Am., Inc., 2013 WL 5567564, at *3 (D.N.J. 2013) (transfer); Wheaton Indus., Inc. v. Aalto Scientific, Ltd., 2013 WL 4500321, at *5 (D.N.J.2013) (transfer); D & L Distribution, LLC v. Agxplore Int'l, LLC, 959 F.Supp.2d 757, 772 (E.D.Pa.2013) (transfer); Mahmoud v. Rite Aid Corp., 2012 WL 3560645, at *6 (D.N.J.2012) (stay); Worthington v. Bayer Healthcare, LLC, 2012 WL 1079716, at *8 (D.N.J.2012) (dismissal "with leave to re-file if [first] action is dismissed on procedural grounds”); Vinik Marine, Inc. v. Ironhead Marine, Inc., 2012 WL 1067737, at *4 (D.N.J. 2012) (dismissal “without prejudice since the [first] court did not address the claims on the merits”).

.The defendants bring but three examples of first-filed rule dismissals to our attention. In one case the dismissal was issued with *277 express leave to re-file if the first forum dismissed on procedural grounds. See Worthington v. Bayer Healthcare, LLC, 2012 WL 1079716 (D.NJ.2012). In the others there was no apparent possibility that the first court would not adjudicate the case on the merits. See Time Warner Cable, Inc. v. GPNE Corp., 497 F.Supp.2d 584, 586 (D.Del.2007); Furik-houser v. Chi-Chi’s, Inc., No. 02:05CV638, 2005 WL 2545300 (W.D.Pa.2005).

. Maj. Op. at 266.

. Maj. Op. at 266-67.

.Maj. Op. at 266-67.

. See Univ. of Pa., 850 F.2d at 972.

. Blunt, 767 F.3d at 277.

. The majority opinion illuminates its departure from res judicata principles with its claim that "the procedural posture of the first-filed case, on the date the second-filed actions were dismissed, is irrelevant to the analysis.” Maj. Op. at 264-66. If the majority opinion fashioned the first-filed rule consistent with res judicata principles, there would be no need to fix "a particular moment in time” at which "to take a snapshot of the cases.” See Maj. Op. at 266.

. Walton, 563 F.2d at 70-71 (en banc) (Judge Garth observed that, "When the district court became aware that the two actions begun by Mrs. Walton were virtually identical, it could have dismissed her second complaint without prejudice or it could have stayed proceedings in the second action until judgment was entered in the first”) (emphasis added).

. E.g. Younger v. Hands, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (requiring abstention where judgment would interfere with ongoing state enforcement proceeding); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (permitting abstention in limited circumstances because of duplicative state court litigation); Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (affirming abstention in deference to complex state administrative proceedings); see also Colorado River, 424 U.S. at 817, 96 S.Ct. 1236 ("[Tjhere are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.”). See generally 17A Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 4241 (3d ed.) ("Abstention Generally”).

. See, e.g., Feige v. Sechrest, 90 F.3d 846, 851 (3d Cir.1996) ("The entry of a stay rather than a dismissal prevents those claims from becoming time-barred should jurisdiction be somehow lacking in the [state court], and the preclusion doctrines of res judicata and collateral estoppel will prevent their re-litigation in the more likely event that court proceeds to judgment.”); Ingersoll-Rand Fin. Corp. v. Callison, 844 F.2d 133, 138 (3d Cir.1988) (reversing dismissal under Colorado River doctrine because "some matters arguably will remain for resolution after the state proceedings” and instructing district court to "determine the effect of the judgment by applying principles of res judicata to determine what issues of fact or law remain in the case”); Monaghan v. Deakins, 798 F.2d 632, 635 (3d Cir.1986) aff'd in part, vacated in part on other grounds, 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ("It is settled in this circuit that a district court, when abstaining from adjudicating a claim for injunctive relief, should stay and not dismiss accompanying claims for damages and attorney fees when such relief is not available from the ongoing state proceedings.").

. Feige, 90 F.3d at 851.

. Cf. In re Global Indus. Technologies, Inc., 645 F.3d 201, 204, 204 n. 4 (3d Cir.2011) (en banc) (describing bankruptcy parties as "entitled to be fully heard and to have their legitimate objections addressed” and focusing on the Bankruptcy Court's "refusal to give [the appellants] their proper place at the litigation table” as "the whole point of this appeal”).

. In re: One2One Communications, LLC,F.3d-, -, 2015 WL 4430302 at *9 (3d Cir. July 21, 2015) (Krause, J., concurring).

. In re Semcrude, L.P., 728 F.3d 314, 326 (3d Cir.2013) (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)). See also Willcox v. Consol. Gas Co. of New York, 212 U.S. 19, 40, 29 S.Ct. 192, 53 L.Ed. 382 (1909) ("When a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction.”); Chicot County v. Sherwood, 148 U.S. 529, 534, 13 S.Ct. 695, 37 L.Ed. 546 (1893) ("The courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends.”). "Underlying these assertions is the undisputed constitutional principle that Congress, and not the Judiciary, defines the scope of federal jurisdiction within the constitutionally permissible bounds.” New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 358-59, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).

. One2One Communications, - F.3d at -, 2015 WL 4430302 at *9 (Krause, J„ concurring) (quoting Quackenbush, 517 U.S. at 722, 116 S.Ct. 1712).

. Quackenbush, 517 U.S. at 716-23, 728, 731, 116 S.Ct. 1712.

. Id.

. Id.

. Id. at 721, 116 S.Ct. 1712 (quoting La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 29, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959)). The Quackenbush Court emphasized that the "distinction between ... dismissals and abstention-based decisions merely to stay adjudication of a federal suit” is crucial in this respect. Id. at 720, 116 S.Ct. 1712. Indeed, it accounts for the divergent results of companion cases decided on the same day in 1959 — Louisiana Power & Light v. City of Thibodaux and County of Allegheny v. Frank Mashuda — which each involved district court abstentions from exercising diversity jurisdiction over an eminent domain action. See id. at 721, 116 S.Ct. 1712 (comparing Thibodaux, 360 U.S. 25, 79 S.Ct. 1070 with Cnty. of Allegheny, 360 U.S. 185, 79 S.Ct. 1060). The district court in Thibodaux stayed the federal action; the district court in County of Allegheny dismissed the federal action; and "[biased in large measure on this distinction,” the Supreme Court affirmed the Thibodaux court and reversed the County of Allegheny court. Id.

. One2One Communications, - F.3d at -, 2015 WL 4430302 at *9 (Krause, L, concurring).

. Zivotofsky ex rel. Zivotofsky v. Clinton, — U.S.-, 132 S.Ct. 1421, 1427, 182 L.Ed.2d 423 (2012) (quoting Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 5 L.Ed. 257 (1821)).

. See Central States, 203 F.3d at 444. I emphasize that this is not a "no dismissal rule.” Maj. Op. at 268. A second-filed court may always dismiss with an express caveat that the plaintiff has leave to re-file if the first-filed court finds it is unable to adjudicate the case on the merits. Worthington v. Bayer Healthcare, LLC, 2012 WL 1079716, at *8 (D.NJ.2012), took such an approach, and it is exemplary of how a court can dismiss under the first-filed rule without risking prejudice to any litigant. Meanwhile, dismissal with preju *281 dice remains appropriate in the event that the plaintiff is clearly unable to prosecute her claims in the second-filed court.